IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| CARL JOSEPH CRAMER<br>LESLIE ANN CRAMER, | : | BANKRUPTCY NO.: 5-08-bk-51392 |
| DEBTORS | : | |
| CARL JOSEPH CRAMER<br>LESLIE ANN CRAMER | : | {**Nature of Proceeding**: Debtors' Objection to Proof of Claim #1 of Indymac Bank, FSB (Doc. #17)} |
| OBJECTORS | : | |
| vs. | : | |
| INDYMAC BANK, F.S.B., | : | |
| CLAIMANT | : | |

# OPINION

This matter comes before me by way of claims litigation filed in the Debtors' Chapter 13 case. Indymac Bank, F.S.B. (Federal Savings Bank) has filed a Proof of Claim asserting a mortgage obligation of $234,594.85 against the Debtors, Carl and Leslie Cramer. It further asserts an arrearage claim of $30,883.70. Attached to the claim is a summary sheet breaking down the claim into categories of principal balance, interest, late charges, pre-petition attorney fees and costs, pre-petition escrow advances, and "other amounts for inspection fees, appraisal fees, and other charges." The Debtors have filed a broad-based objection challenging the lack of detail in the computation. At the time of the hearing, counsel for both the Claimant and the Debtors appeared and offered little

more than a tender of a copy of the Mortgage securing the Debtors' real estate, since filed as docket number 25.

In *In re Stauder,* 396 B.R. 609 (Bkrtcy. M.D.Pa. 2008), I summarized the shifting burdens applicable in litigation of this nature. In short, the filing of a claim, attaching the writings upon which the claim is based, serves as *prima facie* evidence of the validity and amount of the claim. Without evidence tendered from either Claimant or Debtors, I am left simply analyzing the documents on file. Apparent is the fact that the Mortgage submitted incorporates, by reference, the Note executed by the Debtors presumably signed at the time of financing. The Note has not been submitted. One would expect that, "at a minimum" a claimant would attach both these documents should a claimant desire the benefits of *prima facie* status. *In re Sacko*, 394 B.R. 90, 98-99 (Bkrtcy. E.D.Pa. 2008).

Moreover, the summary sheet of additional components of the claim is troubling. Although there appears to be some foundation for asserting these items because of terms referenced in the Mortgage and its attachments, the basis of their computation has been withheld from the record.

I am aware that there may be no obligation for a secured creditor to file a proof of claim since, subject to confirmation and other litigation, the lien will pass through the estate. *In re Maylin*, 155 B.R. 605, 611 (Bankr. D.Me. 1993). Nevertheless, a failure to address the secured claim of Indymac may have a significant impact on the fresh start of the Debtors, who have expressly recognized the secured standing of the Claimant. Rather

than simply disallow the claim, I will follow the lead of our Circuit Court of Appeals in a parallel situation dealing with Federal Rules of Civil Procedure and disallow the claim but give leave to Indymac to file a curative amendment to their Proof of Claim within the next twenty days, setting forth the documentation necessary to support the claim and its components. See *Philllips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Should the Claimant not file an Amended Proof of Claim, I will conclude that the claim, as presented, is disallowed as lacking sufficient information to be enforceable under 11 U.S.C. § 502(b).

    My Order will follow.

Date: April 16, 2009

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*